# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Douglas Bindel      :
     :
         v.          :    No. 835 C.D. 2024
     :    SUBMITTED: June 16, 2026
Commonwealth of Pennsylvania,      :
Department of Transportation,      :
Bureau of Driver Licensing,      :
               Appellant    :

BEFORE:    HONORABLE LORI A. DUMAS, Judge
                 HONORABLE STELLA M. TSAI, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**          **FILED: August 12, 2026**

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing appeals from the May 31, 2024 order of the Court of Common Pleas of Adams County, which sustained Kevin Douglas Bindel's statutory appeal of the suspension of his operator's license. Because the trial court subsequently vacated the May 31, 2024 order, the Department's appeal is dismissed as moot.

The relevant facts in this matter are as follows. In July 2023, the Department issued a notice advising Bindel that, having refused to submit to chemical blood testing, his operator's license was suspended for one year, pursuant to Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i). Bindel appealed to the trial court, which conducted a hearing on May 24, 2024. On May 31, 2024, at 3:35 p.m., the trial court filed two orders, one dated May 24, 2024 (May

24 Order), and one dated May 31, 2024 (May 31 Order) (collectively, May Orders).[1] The May 24 Order dismissed Bindel's appeal and reinstated the suspension of his operator's license. The May 31 Order indicated that, based on the trial court's review of the relevant caselaw and oral argument by the parties, Bindel's suspension was rescinded.[2] Bindel did not appeal the May 24 Order. The Department appealed the May 31 Order to this Court.

In October 2024, the Department filed a motion to remand, in which it noted that the May 31 Order did not modify or rescind the May 24 Order. As it was not clear which of the May Orders was effective, the Department requested a remand to the trial court with direction for the trial court to resolve this ambiguity. This Court granted the Department's motion, remanded the matter to the trial court, and directed the Department to file a motion for clarification and/or motion to vacate one of the May Orders. Following remand, the Department filed a motion to vacate the May 31 Order, which the trial court granted. This matter is now ready for the Court's disposition.

Before reviewing the issues raised by the Department, the Court will first address whether the trial court's order vacating the May 31 Order has rendered the Department's appeal moot. Pennsylvania courts have long held that an actual case or controversy must exist at all stages of appellate review. *Phila. Lodge No. 5, Fraternal Ord. of Police v. Phila. Bd. of Pensions & Ret.*, 606 A.2d 603, 605 (Pa. Cmwlth. 1992). Where no actual case or controversy exists, the Court will dismiss

---

[1] The prothonotary docketed the May 24 Order first.

[2] The May 31 Order also indicates that the "license suspension is sustained[.]" Reproduced Record at 148a. The Court presumes that the trial court intended to sustain Bindel's *appeal*, as the May 31 Order contains a lengthy discussion of the evidence presented at the hearing, after which the trial court concludes that Bindel's refusal to submit to chemical blood testing was not knowing or voluntary.

an appeal as moot. *Horsehead Res. Dev. Co., Inc. v. Dep't of Env't Prot.*, 780 A.2d 856, 858 (Pa. Cmwlth. 2001). Although neither party has raised the issue of mootness, we may raise it *sua sponte*, as courts may not decide moot questions. *Battiste v. Borough of E. McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014).

By way of relief, the Department asks the Court to vacate the May 31 Order, quash the Department's appeal, and direct the Department to reinstate the suspension of Bindel's operator's license, in accordance with the May 24 Order. Alternatively, the Department asks the Court to reverse the May 31 Order and direct the reinstatement of Bindel's license suspension. Once the trial court vacated the May 31 Order, the May 24 Order dismissing Bindel's appeal and reinstating the suspension of his operator's license became the final order on appeal to this Court. As a result, the Department obtained the relief sought in its appeal. Accordingly, in the absence of an actual case or controversy or an exception to the mootness doctrine,[3] we dismiss the Department's appeal as moot.[4]

 

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[3] Under the exceptions to the mootness doctrine, none of which are implicated in the instant appeal, the Court may consider issues that are technically moot where the conduct complained of is capable of repetition and likely to evade review, where the issues are important to the public interest, or where a party will suffer some detriment without the Court's decision. *Harris v. Rendell*, 982 A.2d 1030, 1036 (Pa. Cmwlth. 2009) [citing *Sierra Club v. Pa. Pub. Util. Comm'n*, 702 A.2d 1131, 1134 (Pa. Cmwlth. 1997)].

[4] In light of this disposition, the Court will not address the Department's arguments.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kevin Douglas Bindel | : | |
| | : | |
| v. | : | No. 835 C.D. 2024 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 12th day of August, 2026, the appeal of the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is hereby DISMISSED as MOOT.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita